UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR04-355-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| JEREMY STEVEN JABLONSKI, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on February 3, 2006. The United States was represented by AUSA Bruce F. Miyake and the defendant by Carol A. Koller. The proceedings were digitally recorded.

Defendant had been sentenced on or about June 17, 2005 by the Honorable John C. Coughenour on a charge of Sexual Abuse of a Minor, and sentenced to 12 months custody, 2 years supervised release. (Dkt. 38). An amended judgment was entered on July 26, 2005, amending the sentence to 12 months and one day, 2 years supervised release. (Dkt. 40).

The conditions of supervised release included the standard conditions plus the requirements that defendant not possess any firearms, submit to mandatory drug testing, participate in a drug

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS
TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE -1

01 dependency/narcotic addiction treatment and testing program as directed, submit to search,
02 participate in a mental health/sexual offender program which may include a sexual deviancy
03 program, actively participate and make reasonable progress in such program, refrain from the use
04 of alcohol and enter into an alcohol treatment program, have no contact with minor children
05 without the permission of probation officer, follow all lifestyle restrictions or treatment
06 requirements imposed by the defendant's therapist, and do not go to or reside in places where
07 minor are known to frequent without permission of probation officer.

08       In an application dated January 12, 2006 (Dkt 41), U.S. Probation Officer Jerrod Akins
09 alleged the following violations of the conditions of probation:

10     1.   Failing to participate as instructed in a sexual offender treatment program as
11 instructed, in violation of the special condition requiring that he participate as directed in a
12 specialized sexual offender treatment program, which may include physiological testing to
13 determine the defendant's sexual orientation and patterns of sexual arousal.

14     2.   Failing to complete 120 days of electronic home monitoring as instructed, in
15 violation of the special condition requiring that he participate in the home confinement program,
16 which shall include electronic home monitoring as directed by the probation office for a period of
17 120 days.

18     3.   Failing to report contact with law enforcement as instructed, in violation of
19 standard condition No. 11.

20     Defendant was advised in full as to those charges and as to his constitutional rights.

21     Defendant admitted the alleged violations and waived any evidentiary hearing as to
22 whether they occurred.

01      I therefore recommend the Court find defendant violated his supervised release as alleged,

02 and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be

03 set before Judge Coughenour.

04      Pending a final determination by the Court, defendant has been detained.

05      DATED this <u>3rd</u> day of <u>February</u>, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

10 cc:   District Judge:      Honorable John C. Coughenour
        AUSA:              Bruce F. Miyake
11      Defendant's attorney:  Carol A. Koller
        Probation officer:     Jerrod Akins