UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR04-355-JCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SUMMARY REPORT OF U.S. |
| | ) | MAGISTRATE JUDGE AS TO |
| JEREMY STEVEN JABLONSKI, | ) | ALLEGED VIOLATIONS |
| | ) | OF SUPERVISED RELEASE |
| Defendant. | ) | |
| _____ | ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on July 5, 2006. The United States was represented by AUSA Tessa Gorman and the defendant by Carol A. Koller. The proceedings were digitally recorded.

Defendant had been sentenced on or about June 17, 2005 by the Honorable John C. Coughenour on a charge of Sexual Abuse of a Minor, and sentenced to 12 months custody, 2 years supervised release. (Dkt. 38). An amended judgment was entered on July 26, 2005, amending the sentence to 12 months and one day, 2 years supervised release. (Dkt. 40).

The conditions of supervised release included the standard conditions plus the requirements that defendant not possess any firearms, submit to mandatory drug testing, participate in a drug

dependency/narcotic addiction treatment and testing program as directed, submit to search, participate in a mental health/sexual offender program which may include a sexual deviancy program, actively participate and make reasonable progress in such program, refrain from the use of alcohol and enter into an alcohol treatment program, have no contact with minor children without the permission of probation officer, follow all lifestyle restrictions or treatment requirements imposed by the defendant's therapist, and do not go to or reside in places where minors are known to frequent without permission of probation officer.

On February 3, 2006 the defendant admitted to violating the conditions of supervised release by failing to participate in a sexual offender treatment program, failing to complete 120 days of electronic home monitoring, and failing to report contact with law enforcement. (Dkt. 42). He was sentenced to time served. Supervised release was re-imposed for a period of 24 months. (Dkt. 49).

In an application dated June 9, 2006 (Dkt 51), U.S. Probation Officer Jerrod Akins alleged the following violations of the conditions of supervised release:

1.   Consuming alcohol on May 22, 2006, in violation of the special condition that he abstain from the use of alcohol and/or other intoxicants during the term of supervision.

2.   Committing the crime of assault fourth degree on May 22, 2006, in violation of the general condition that he not commit another federal, state, or local crime.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted alleged violation one and waived any evidentiary hearing as to whether it occurred. Because violation two involves a pending criminal prosecution, defendant denied that allegation and requested an evidentiary hearing, which is scheduled for August 15, 2006 before

the Honorable James P. Donohue.

I therefore recommend the Court find defendant violated his supervised release as alleged in violation one, and that the Court conduct a hearing on that violation limited to the issue of disposition.

Pending a final determination by the Court, defendant is released on the conditions of supervision, plus the additional condition of electronic home monitoring.

DATED this <u>5</u>th day of <u>July</u>, 2006.

Mary Alice Theiler
United States Magistrate Judge

cc:   District Judge:              Honorable John C. Coughenour
      AUSA:                        Tessa Gorman
      Defendant's attorney:        Carol A. Koller
      Probation officer:           Jerrod Akins